## JOHNSTON & JENNINGS CO. v. NEVILLE CO. et al.

## No. 7104.

Circuit Court of Appeals, Third Circuit.

Dec. 4, 1939.

Stebbins, Blenko & Parmelee, of Pittsburgh, Pa. (John F. Oberlin and William R. Day, both of Cleveland, Ohio, of counsel), for appellant.

Brown, Critchlow & Flick, of Pittsburgh, Pa. (Fulton B. Flick, of Pittsburgh, Pa., of counsel), for appellees.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

BUFFINGTON, Circuit Judge.

As stated by the court below, "this is a patent-infringement suit involving Calhoun Patent No. 1,735,261, issued to Oil Conservation Engineering Company, Assignee, for improvements in flame arresters used for the protection of oil-storage tanks from destruction by fire. * * * The only issue in the case involves the validity of the patent in suit. That issue centers around the use of aluminum in forming the flame-arresting tubes. There is no question but that the prior art discloses the use of brass and bronze in the construction of flame-arresters of similar design to that of the flame-arresters shown in the patent. The defendants contend that there is no invention involved in the utilization of aluminum as the material for a tube-bank in a flame-arrester."

Following the decision of this court in Low v. McMaster, 3 Cir., 266 F. 518, 519, where, speaking by Judge Woolley, we held "On this subject it is the law, that merely to substitute superior for inferior materials, in making one or more or all of the parts of a machine or manufacture, is not invention, although the substitution may be of materials that are both new and useful in high degree. It is also the law, as exceptions to this general rule, that if the substitution involved a new mode of construction; or if it developed new properties and uses of the article made; or where it produces a new mode of operation, or results in a new function; or when it is the first practical success in the art in which the substitution is made; or where the practice shows its superiority to consist not only in greater cheapness and greater utility, but also in more efficient action, it may amount to invention," the trial judge found "in the use of aluminum no new mode of construction, no new properties or use of the flame-arresters, no new mode of operation, no new function of the flame-arresters, nor greater cheapness or utility, and no more efficient action. The tube-bank made of aluminum operates no more efficiently than either bronze or brass. The only thing that can be said for aluminum as against other materials is that a shorter tube-bank will arrest the flame." [26 F.Supp. 754, 755.] Accordingly, it held that "this change in size of the tube-bank does not amount to invention," saying that the Supreme Court in Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U.S. 285, 37 S.Ct. 502, 61 L.Ed. 1136, had held "that

where the alleged invention rests in the mere carrying forward of the original idea, and where the change is only in form or of proportions, or of degree, there is no such invention as will sustain a patent."

After argument and full consideration, we agree with the court below that the patent is void for lack of invention. So holding, its decree dismissing the bill for lack of invention is affirmed.